IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONNOR SPORT COURT INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SNAP COURT, LLC d/b/a SNAP COURT, INC., SNAP LOCK INDUSTRIES f/k/a SNAP LOCK TILE, JORGEN MOLLER, KERRY MOLLER, AND JEREMIAH SHAPIRO, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING SPORT COURT'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS** <br><br><br> Case No. 2:05CV00328 TS <br><br> Honorable Ted Stewart <br><br> Magistrate Judge David Nuffer |

Plaintiff Connor Sport Court International, Inc. ("Sport Court") moved for a Protective Order and sanctions.[1] The magistrate judge has considered the memoranda and supporting materials filed by each party. The issue was first brought to the court's attention on March 9th, when the parties conferred by telephone with the magistrate judge.[2] The dispute centers around the attempt of Jeremiah Shapiro to take the deposition of Donald D. Hooper, a technical expert retained by Sport Court.

The Federal Rules of Civil Procedure[3] expressly recognize two types of experts, those who will testify and those who will not. Those who will testify are required to produce a report

---

[1] Docket no. 116, filed March 15, 2006.

[2] Docket no. 110.

[3] (4) Trial Preparation: Experts.
(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. . . .
(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party

and are subject to depositions.[4]  Those who will not testify need not produce a report, and many cases hold that even their identities are not discoverable.

Expert witnesses who testify become part of the trial process, so discovery is appropriate. "Effective cross-examination of an expert witness requires advance preparation."[5]  Discovery prevents surprise at trial and improves the parties' knowledge which enables settlement without trial.

For different policy reasons, experts who are consulted to assist in preparation of the case, but who will not testify, are not subject to discovery.  Counsel are able to have the benefit of technical consultation.  Those consultants and consultations are protected from disclosure. The principal policy for protecting consulting experts is similar to that underlying the work-product privilege – to prevent "a party from discovering his or her opponent's trial strategy."[6] The privilege "prevent[s] a party from building his own case by means of his opponent's

---

>      in anticipation of litigation or preparation for trial and who is not expected to be called as
>      a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional
>      circumstances under which it is impracticable for the party seeking discovery to obtain
>      facts or opinions on the same subject by other means.

Fed R. Civ. P. 26(b)(4)(A) and (B).

[4] Under the rules in effect until 1993, only indirect discovery of experts was permitted.  "A party can require one who intends to use the expert to state the substance of the testimony that the expert is expected to give."  Fed. R. Civ. P. 26(b)(4) Advisory Committee Notes to 1970 Amendment.  The 1993 amendment provided for disclosure of expert identities and opinions (expert reports) and for deposition of experts.

>      Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony,
>      or whose duties as an employee of the party regularly involve the giving of expert testimony, must
>      prepare a detailed and complete written report, stating the testimony the witness is expected to
>      present during direct examination, together with the reasons therefor. . . .
>      Revised subdivision (b)(3)(A) authorizes the deposition of expert witnesses.

Fed. R. Civ. P. 26(a)(2) Advisory Committee Notes to 1993 Amendment.

[5] Fed. R. Civ. P. 26(b)(4) Advisory Committee Notes to 1970 Amendment.

[6] *Biovail Corp. Int'l v. Hoechst Aktiengesellschaft*, No. Civ.A. 98-1434(MTB), 1999 WL 33454801, at *7 (D.N.J. Nov. 12, 1999).  "Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation."  Fed. R. Civ. P. 26(b)(4) Advisory Committee Notes to 1970 Amendment.

financial resources, superior diligence and more aggressive preparation."[7]  The rule shielding these experts from discovery allows an attorney to be well educated and free in the discussion of issues.  Allowing routine discovery as to consulting experts would tend to deter thorough preparation of the case and reward those whose adversaries were most enterprising.  Absent the threat of discovery, counsel can feel free to discuss strategy and trial preparation.[8]

The magistrate judge finds that on the state of the record Daniel D. Hooper is a consulting expert, not subject to discovery.  He has not been designated to testify and he has not been voluntarily disclosed or offered for deposition.[9]  His identity was only disclosed under the provision of the protective order so that he could have access to confidential information.  If the deposition of Jeremiah Shapiro's consulting expert were already taken (after appropriate agreement or leave of court), the result for Mr. Hooper might be different.[10]  But that has not occurred.  Therefore, Mr. Hooper's deposition notice was improper.  The position of Shapiro is not "substantially justified."[11]

---

[7] *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 502 (10th Cir. 1980).

[8] 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2032 (2d ed. 1994).

[9] A conditional offer was made, but not accepted. Letter, January 23, 2006, from Kevin P. Ferguson to Mary Anne Q. Wood, Exhibit B to Memorandum in Support of Sport Court's Motion for Protective Order and Sanctions, docket no. 117, filed March 15, 2006, and Exhibit B to Shapiro's Memorandum in Opposition to Sport Court's Motion for Protective Order and Sanctions, docket no. 121, filed March 22, 2006.

[10] The identity and other information about that expert was already disclosed by order of the court.  Docket no. 77, filed November 15, 2005.

[11] *Hutchinson v. Pfeil*, No. 98-5043, 1999 WL 1015557, at *3 (10th Cir. Nov. 9, 1999)(unpublished decision).

## ORDER

IT IS HEREBY ORDERED that Sport Court's Motion for a Protective Order and for Sanctions[12] is GRANTED.

## PROTECTIVE ORDER

IT IS FURTHER ORDERED that Sport Court's consulting expert, Mr. Hooper, is released from the obligation of the subpoena and that the facts known or opinions held by Mr. Hooper shall not be subject to discovery, pending further order of the court or agreement of counsel.

IT IS FURTHER ORDERED that on or before April 7, 2006 Shapiro shall provide the magistrate judge and Sport Court with a copy of all notes, tapes, transcripts or recordings of any conversations between Shapiro or Shapiro's counsel and Mr. Hooper and of the deposition of Mr. Hooper convened on March 9, 2006, and that all such notes, tapes, transcripts or recordings are inadmissible and unusable for any purposes in this matter until further order of the court or agreement of counsel.

---

[12] Docket no. 116, filed March 15, 2006.

## SANCTIONS

IT IS FURTHER ORDERED that Sport Court shall be awarded its reasonable expenses, including attorney fees associated with opposing Mr. Hooper's deposition and bringing this motion,[13] in an amount to be determined after the Court receives the response of Shapiro to Sport Court's request for $16,009.25.[14] Shapiro's response shall be filed on or before April 17, 2006. Any document not electronically filed shall be emailed to counsel and mj.nuffer@utd.uscourts.gov.

DATED this 4th day of April, 2006.

BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge

---

[13] Fed. R. Civ. P. 37(a)(4), applicable via Fed. R. Civ. P. 26(c).

[14] Declaration of Scott W. Burt, docket no. _, filed _____.